ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 OCT 17 PM 1: 27

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

KARENZO KENSHAUN MILLER,    )
                            )
     Petitioner,            )
                            )
v.                          )  CV 305-104
                            )  (Formerly CR 300-001)
UNITED STATES OF AMERICA,   )
                            )
     Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Karenzo Kenshaun Miller, an inmate presently confined at the Federal Medical Center in Butner, North Carolina, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court on a motion to dismiss filed by the United States of America ("the government"). (Doc. no. 6). Petitioner opposes the motion. (Doc. no. 7). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of the government.

### I. DISCUSSION

A.   **Procedural Background**

A grand jury in the Southern District of Georgia indicted Petitioner on one count of possessing with the intent to distribute over 50 grams of crack cocaine. United States v.

Miller, CR 300-001 (S.D. Ga. Feb. 4, 2000) (*hereinafter* "CR 300-001"), doc. no. 1. Petitioner, with the assistance of counsel, entered into a negotiated plea agreement, and on June 16, 2000, the Honorable Dudley H. Bowen, Jr., United States District Judge, accepted Petitioner's guilty plea. Id. at doc. nos. 22 & 23. On August 29, 2000, Judge Bowen sentenced Petitioner to a total of 262 months of imprisonment, 5 years of supervised release, and a $100 special assessment; the judgment was entered on August 31, 2000. Id. at doc. no. 27. Petitioner did not file an appeal, and therefore his conviction became final on September 11, 2000 when the ten-day period for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a)(2)(2000).

On June 14, 2005, the Eleventh Circuit Court of Appeals denied as unnecessary Petitioner's application to file a successive § 2255 motion because Petitioner had not previously filed a § 2255 motion.[1] In re: Karenazo Kenshaun Miller, No. 05-12989 (11th Cir. June 14, 2005) (found at CR 300-001, doc. no. 30). Petitioner executed the instant § 2255 motion on June 21, 2005, and it was filed by the Clerk of this Court on June 27, 2005. Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court construes the date of Petitioner's signature as the date of delivery to prison officials, see Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*), and therefore deems the § 2255 motion as filed on June 21, 2005.

---

[1] The Eleventh Circuit explained that the § 2241 petition that Petitioner had previously filed in the Eastern District of North Carolina "is not a previous § 2255 motion to vacate for purposes of seeking leave to file a successive motion to vacate." CR 300-001, doc. no. 30, p. 2.

2

In his motion, Petitioner claims that he was provided ineffective assistance of counsel and that improper "judicial fact finding" resulted in an unlawful sentence. Petitioner relies most heavily on the Supreme Court's decision in Booker v. United States, 543 U.S.-, 125 S. Ct. 738 (2005) - in which the Supreme Court ruled that a sentence imposed pursuant to the Sentencing Guidelines is incompatible with the Sixth Amendment in light of their mandatory application - to support his arguments for relief. Petitioner also requests that the Court "consider his post-sentencing in-prison rehabilitative conduct as grounds for a USSG § 5K2.0 downward departure below the 262 to 324 months range he has become eligible for as a result of Booker pursuant to 3582(c)(2)." (Doc. no. 2, p. 8). The government counters that Petitioner's motion is not only time-barred, but also that Booker does not apply retroactively to cases on collateral appeal and that § 3582(c)(2) does not apply to Petitioner's current request for a sentence reduction.

**B.    Statute of Limitations**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    3.       the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    4.       the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, apart from the possibility of statutory tolling outlined above, the Eleventh Circuit has held that the statute of limitations in § 2255 is subject to equitable tolling as well. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 125 S. Ct. 1571 (U.S. 2005). Equitable tolling can be applied when "extraordinary circumstances that are both beyond [a petitioner's] control and unavoidable even with diligence" have worked to prevent a timely filing. Id. (citing Drew v. Department of Corrs., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) *(per curiam)*). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) *(per curiam), cert. denied,* 538 U.S. 947 (2003).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described this fundamental miscarriage of justice exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v.

4

> Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001); see also United States v. Montano, 398 F.3d 1276, 1285 n.8 (11th Cir. 2005) (*per curiam*) (recognizing difference between procedural default by failing to appeal and statute of limitations default, but noting appropriate use of "actual innocence" analysis in both types of cases).

Here, there is no question that Petitioner's § 2255 motion was filed outside of the one-year statute of limitations period. Petitioner's conviction became final on September 11, 2000, ten days after the judgment (not appealed) was entered. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining conviction that was not appealed becomes final ten days after the entry of judgment). Therefore, Petitioner's § 2255 motion should have been filed within one year of that date. However, the motion was not filed until June 21, 2005, approaching four years after the expiration of the statute of limitations. Thus, on its face, the instant motion is untimely.

5

Nor does Petitioner offer any valid basis for statutory tolling.[2] The basis for his motion is that his sentence was improper in light of Booker. In a nutshell, Petitioner contends that Judge Bowen improperly applied the career offender enhancement provision of USSG § 4B1.1 and used a drug quantity that had not been admitted by Petitioner or determined by a jury to calculate his sentence.[3] Thus, contends Petitioner, because such actions are now prohibited by his interpretation of Booker, he is entitled to be re-sentenced. However, Petitioner's conviction became final prior to the Supreme Court's decision in Booker (January 12, 2005), and the Eleventh Circuit has conclusively decided that Booker does not apply retroactively to cases on collateral review. Varela v. United States, 400 F.3d

---

[2]The Court's analysis here will focus on the request for statutory tolling based on Petitioner's Booker argument. His "actual innocence" argument is discussed in more detail, *infra*.

[3]In pertinent part, USSG § 4B1.1 provides:

**(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

**(b)** Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

As Petitioner was 18 years or older at the time of the commission of the crime charged in the indictment, and as Petitioner had two prior qualifying felony convictions (PSI ¶¶ 22, 37), he met the requirements for being sentenced as a career offender.

864, 868 (11th Cir. 2005) (*per curiam*). Thus, Petitioner cannot escape the bar imposed by the statute of limitations based on a <u>Booker</u> argument.

Finally, the Court notes that Petitioner repeatedly states in his response to the motion to dismiss that he is "actually innocent" of the <u>sentence</u> that was imposed. (Doc. no. 7, pp. 1, 4, 7). However, only once does Petitioner state he is "actually innocent" of the <u>charge</u> of which he was convicted. (<u>Id.</u> at 8). Notably, however, he does not offer any factual explanation concerning how he might be innocent of possessing with the intent to distribute 50 grams or more of crack cocaine on December 2, 1999 - the actual crime to which he pleaded guilty before Judge Bowen. Rather, his claim is that he received an improper <u>sentence</u> for the charge to which he pleaded guilty. Claims of "actual innocence" of a sentence, coupled with one, factually unsupported claim of actual innocence of the crime of conviction, will not suffice to lift the bar imposed by the statute of limitations.

## C.  18 U.S.C. § 3582(c)(2)

Petitioner also contends that he is entitled to be re-sentenced pursuant to 18 U.S.C. § 3582(c)(2), which provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's argument goes on that upon re-sentencing under this statutory provision, the principles of Booker, as outlined above, should be applied to his case.

However, § 3582(c) is inapplicable in this case because Petitioner is challenging the validity of his sentence in its entirety; he is not arguing that the sentencing ranges that were applied to his case were subsequently lowered by the Sentencing Commission. Thus, § 3582(c)(2) does not apply in this case. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (*per curiam*) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."). Moreover, Petitioner's reliance on Booker to support his theory that he should be re-sentenced under § 3582(c)(2) is misplaced. The Eleventh Circuit has specifically explained that "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions." Id. at * 3. Accordingly, Petitioner's request for relief under § 3582(c)(2) should be denied.

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of the government.

SO REPORTED and RECOMMENDED on this 17th day of October, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8